**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**
_____

GREENHECK FAN CORPORATION,

      Plaintiff,

     v.                                                              Case No. 3:08-cv-00335

LOREN COOK COMPANY,

      Defendant.
_____

**MEMORANDUM OF LAW IN SUPPORT OF GREENHECK FAN**
**CORPORATION'S MOTION TO STRIKE THE THIRD AND FOURTH**
**AFFIRMATIVE DEFENSES OF LOREN COOK COMPANY**
_____

Pursuant to Federal Rule of Civil Procedure 12(f), Plaintiff Greenheck Fan Corporation ("Greenheck") hereby moves to strike as insufficient the third and fourth affirmative defenses of Defendant Loren Cook Company ("Loren Cook").

**FACTS AND PROCEDURAL BACKGROUND**

On May 23, 2006, United States Patent No. 7,048,499 ("the '499 patent"), entitled In-Line Centrifugal Fan, issued to Greenheck. (Complaint, Doc. No. 1, at Ex. A.) Just over two years later, on June 6, 2008, Greenheck filed its Complaint initiating the above-captioned action for infringement of the '499 patent against its competitor, Loren Cook. (Complaint.) In its Answer, Loren Cook asserts various affirmative defenses to the claimed infringement. (Answer, Doc. No. 24.) Among those defenses are Loren Cook's third and fourth defenses, asserting laches and estoppel respectively. (Answer at 6.) The relevant excerpt from Loren Cook's Answer reads as follows:

**THIRD DEFENSE: LACHES**

Plaintiff's claims for relief are barred in whole or in part by the equitable doctrine of laches.

**FOURTH DEFENSE: ESTOPPEL**

Plaintiff's claims for relief are barred in whole or in part by the equitable doctrine of estoppel.

(Answer at 6.)

## LEGAL ANALYSIS

Affirmative defenses must comply with Federal Rule of Civil Procedure 8(a), which mandates a "short plain statement of the claim showing that the pleader is entitled to relief." Affirmative defenses must include "direct or inferential allegations respecting all material elements of the claim asserted." *Am. Top English v. Lexicon Marketing (USA), Inc.*, No. 03 C 7021, 2004 U.S. Dist. LEXIS 23640, at *27 (N.D. Ill. Oct. 4, 2004) (internal citation and quotation omitted).  Unsupported, conclusory allegations are insufficient to meet the Rule 8 standard and must be stricken.  *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1295 (7th Cir. 1989); *Am. Top English*, 2004 U.S. Dist. LEXIS 23640, at *28.  Simply naming a legal theory without indicating how it is connected to the case will not withstand a motion to strike.  *See Nat'l Acceptance Co. of Am. v. Regal Prods.*, 155 F.R.D. 631, 637 (E.D. Wis. 1994); *see also Renalds v. S.R.G. Rest. Group Chi.*, 119 F. Supp. 2d 800, 803 (N.D. Ill. 2000) (collecting authorities).

Equitable defenses in particular require more than the simple naming of a legal theory to be sustained.  Equitable defenses, such as laches and estoppel, "must be pled with the specific elements required to establish the defense." *Voeks v. Wal-Mart Stores, Inc.*, No. 07 C 0030, 2008 U.S. Dist. LEXIS 846, at *17-18 (E.D. Wis. Jan. 7, 2008) (striking affirmative defenses of laches

and estoppel as insufficiently pled). "These defenses require at least some direct or inferential allegations as to each element of the defense asserted." *Id.* (quoting *Yash Raj Films (USA), Inc. v. Atl. Video*, No. 03 C 7069, 2004 U.S. Dist. LEXIS 9739, at *3 (N.D. Ill. May 28, 2004)). Where a defendant merely strings together a list of legal defenses and sets forth no allegations to support them beyond bare-bones legal conclusions, it does not comply with Rule 8(a). *Id.*

Loren Cook's third and fourth affirmative defenses, laches and estoppel, wholly fail to comply with these standards. Both are equitable defenses. As to each, Loren Cook does no more than name a legal theory.

Loren Cook's laches defense is insufficient. To prove laches in a patent infringement action, a defendant must show that (1) the patentee's delay in bringing suit was unreasonable and inexcusable, and (2) that the infringer suffered material prejudice attributable to the delay. *State Contr. & Eng'g Corp. v. Condotte Am., Inc.*, 346 F.3d 1057, 1065 (Fed. Cir. 2003). Loren Cook fails to set forth any allegations capable of supporting a laches defense. To the contrary, in its Answer, Loren Cook admits that the time period between the issuance of the '499 patent and the filing of this lawsuit was only two years and a few days.[1] (Answer at 3.) For a presumption of laches to apply in a patent case, the period of delay must be at least six years in length. *State Contr. & Eng'g Corp.*, 346 F.3d at 1065. The basis for Loren Cook's claim that laches applies in this case is not at all clear.

Loren Cook has failed to articulate any basis for its affirmative defense of laches. No basis for this defense can be determined or inferred from Loren Cook's Answer, which presents no allegations even relating to, much less sufficient to establish, unreasonable delay on the part

---

[1] In considering the length of delay for purposes of a laches analysis, only the period of time after the patent issued can be taken into account. *State Contr. & Eng'g Corp.*, 346 F.3d at 1065-66 (citing *Meyers v. Asics Corp.*, 974 F.2d 1304, 1307 (Fed. Cir. 1992)).

3

of Greenheck or material prejudice to Loren Cook. Accordingly, Loren Cook's laches defense should be stricken.

Loren Cook's estoppel defense also is insufficient. To prove estoppel in a patent infringement action, a defendant must show that (1) the patentee, through misleading conduct, led the infringer to reasonably infer that the patentee does not intend to enforce its patent against the infringer, (2) the infringer relied on that conduct, and (3) due to its reliance, the infringer will be materially prejudiced if the patentee is allowed to proceed with its claim. *A. C. Aukerman Co. v. R. L. Chaides Constr. Co.*, 960 F.2d 1020, 1041 (Fed. Cir. 1992) (*en banc*). Loren Cook fails to set forth any allegations capable of supporting an estoppel defense. Loren Cook has not alleged any action on the part of Greenheck capable of leading Loren Cook to believe that Greenheck did not intend to enforce the '499 patent against it. Moreover, silence alone cannot suffice to create an estoppel unless there was a clear duty to speak. *Id.* at 1044. No such duty has been identified here.

Loren Cook has failed to articulate any basis for its affirmative defense of estoppel. No basis for this defense can be determined or inferred from Loren Cook's Answer, which presents no allegations even relating to, much less sufficient to establish, misleading conduct on the part of Greenheck leading Loren Cook to infer that Greenheck did not intend to enforce the '499 patent against it, Loren Cook's reliance on that conduct, or material prejudice to Loren Cook if the infringement claim is allowed to proceed. Accordingly, Loren Cook's estoppel defense should be stricken.

## **CONCLUSION**

For all of the aforementioned reasons, Greenheck respectfully requests that the Court strike Loren Cook's third and fourth affirmative defenses of laches and estoppel pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

                                                  Respectfully submitted,

                                                  GREENHECK FAN CORPORATION

Dated: August 11, 2008                    By:    s/ Rachel K. Zimmerman
                                                    John A. Clifford
                                                    Alan W. Kowalchyk
                                                    Rachel K. Zimmerman
                                                    MERCHANT & GOULD P.C.
                                                    3200 IDS Center
                                                    80 South Eighth Street
                                                    Minneapolis, MN 55402-4131
                                                    Tel: 612.332.5300
                                                    Fax: 612.332.9081

                                                    Richard C. Siefert
                                                    MERCHANT & GOULD P.C.
                                                    4100 Columbia Center
                                                    701 Fifth Avenue
                                                    Seattle, WA  98104
                                                    Tel: 206.342.6200
                                                    Fax: 206.342.6102