IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GREENHECK FAN CORPORATION,

                Plaintiff,                    ORDER

  v.                                                  08-cv-0335-jps

LOREN COOK COMPANY,

                Defendant.

Plaintiff Greenheck Fan Corporation is suing defendant Loren Cook Company for allegedly infringing claims 1 and 13-24 of its '499 patent for a mixed flow fan.  Both parties timely requested construction of certain claim terms of the patent-in-suit.  Plaintiff requests a hearing for the purpose of oral argument and to answer the court's questions, while defendant seeks an actual claims construction hearing for the term "blade angle" as used in claims 15-22. *See* dkt. 56 (plaintiff's motion) and dkt. 59 (defendant's motion).  As explained briefly below, the court will construe all terms suggested by the parties and will hold a hearing on the dispute regarding fan blade angles.

Plaintiff moves for construction of four claim terms: "extending radially outwardly," "radially extending," "trapezoidal" and "substantially spherical portion."  Defendant also seeks construction of these terms and provides competing proposed definitions.  The parties' submissions adequately establish that construction of these four terms is necessary to resolve disputed issues concerning infringement.  Therefore, plaintiff's motion requesting claims construction will be granted.

Defendant also requests that the court construe the following terms without a hearing: "opposing fan blades," "radius," "circumscribing," "substantially" and "approximately."  Construction appears to be necessary for these terms, which are used in the pertinent claims

either to describe measurements or as a reference point for important measurements. Defendant contends that construction of these terms is necessary in order to determine whether its allegedly infringing products fall within the claimed measurements, and defendant offers definitions for each of these claims that plaintiff hotly contests. This is sufficient to establish that construction of these terms is necessary to resolve the parties' disputes over infringement and invalidity.

Defendant's final request is for a hearing to construe the "blade angle" terms found in claims 15-22 of the patent. Defendant contends that plaintiff's patent improved the prior art by adding "additional numerical value related to fan geometry." *See* dkt. 59, at 3. If defendant's contention regarding the "innovative" element of plaintiff's '499 patent is correct, then competitors in the market would need to be able to understand and calculate what angles and positions are claimed by plaintiff's patent. Despite the integral nature of the terms related to blade angles, defendant argues that these terms are not amenable to construction and therefore, invalid as indefinite. Therefore, it will be necessary for the court to construe the blade angle terms in claims 15-22.

Perhaps a hearing is not completely necessary to deal with the blade angle dispute, but it can't hurt. It may be that three-dimensional demonstrative exhibits and some real-time explanation will clarify the parties' disputes and assist the court in reaching a proper construction. We will hold the hearing January 9, 2009 at 9:00 in courtroom 260. Because this is the only issue on the agenda, I will limit the length of each side's presentation to $\leq 60$ minutes.

ORDER

IT IS ORDERED that the two motions to construe claims and for a claims construction hearing, dkts. 56 and 59, each is GRANTED IN PART and DENIED IN PART in the manner and for the reasons stated above.

IT IS FURTHER ORDERED that the court will hold a claims construction hearing on January 9, 2009 at 9:00 a.m. to take evidence and hear argument on how to construe use of the term "blade angle" in Claims 15-22. Each side may have 60 minutes for its presentation.

Entered this 30th day of December, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge